**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MONTPELIER US INSURANCE COMPANY**                        **PLAINTIFF**

**VS.**                                                                                   **CASE NO: 1:12-CV-007**

**DANNY BOY LIMITED PARTNERSHIP**                                 **DEFENDANT**

**MEMORANDUM OPINION**

      This cause comes before the court on defendant's motion[8] to dismiss. Defendant Danny Boy Limited Partnership (Danny Boy) moves for dismissal of the plaintiff's declaratory judgement action on two separate grounds. The court finds it necessary only to address defendant's assertion that dismissal is proper because of the parallel action pending in state court. Plaintiff Montpelier US Insurance Company (Montpelier) opposes the motion on the grounds that this action is properly within the district court's jurisdiction under title 28 U.S.C. § 2201 and will expedite the resolution of the state court action thereby promoting judicial economy. For the reasons stated herein, the court finds the defendant's motion is well taken and should be granted.

      This case arises from an unpaid insurance claim involving the collapse of Danny Boy's place of business due to a leaking storm drain which compromised the building's foundation. Danny Boy filed claims against the City of Starkville and Montpelier in the Circuit Court of Oktibbeha County, Mississippi. At the time this action commenced, the city had not repaired drains or paid for the damages that Danny Boy had incurred. Montpelier asserted the policy does not cover the type of collapse that occurred and refused to pay any amount on Danny Boy's claim. Montpelier filed the instant action for declaratory relief on January 10, 2012, asking this court to decide whether the claim is covered or excluded under the insurance policy.

Danny Boy has filed this motion to dismiss, asserting that this action violates the Anti-Injunction Act. Additionally, defendant argues for this court's abstention in favor of the pending litigation in the Oktibbeha County Circuit Court.

The Declaratory Judgment Act grants unique and substantially broad discretion in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In declaratory judgment actions, the basic rule that a federal court should adjudicate cases falling within its jurisdiction gives way to "considerations of practicality and wise judicial administration". *Id*. at 288.

The Fifth Circuit comprised a list of seven factors that district courts should weigh in deciding whether to entertain an action for declaratory judgment. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) (Citing *Travelers Ins. v. Lousiana Farm Bureau Fed'n*, 996 F.2d 774 (5th Cir 1993). These criteria, commonly referred to as the *Trejo* factors, consist of the following: (1) Whether there is a pending state court lawsuit in which all of the matter in controversy may be fully litigated; (2) Whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) Whether the plaintiff engaged in forum shopping; (4) Whether there are any inequities in allowing the plaintiff to gain precedence in time or to change forums; (5) Whether the federal court is a convenient forum for the parties and witnesses; (6) Whether retaining the lawsuit would serve the purposes of judicial economy; and (7) Whether the federal court is called upon to construe a state judicial decree involving the same parties and entered by the court where the parallel state action is pending. *Id*.  The primary objectives of these factors are proper allocation of decision making between state and federal courts, preventing parties from "forum shopping", and avoiding duplicative or piecemeal litigation. *Sherwin-Williams Co. v. Holmes County, et al.*, 343 F.3d 383, 390-92 (5th Cir. 2003).

An action is pending in the Oktibbeha County Circuit Court which can fully resolve all issues between the parties. Montpelier filed this declaratory action subsequent to Danny Boy commencing its state lawsuit, and all of the issues present are matters of state law. These circumstances generally suggest that the state court is the more appropriate forum in which to decide the case and that the federal action should be dismissed. *Sherwin-Williams*, 343 F.3d at 391.

Considering the remaining factors, it does not appear Montpelier has engaged in any improper forum shopping and the fairness of this case would remain balanced between the parties in either forum. Although the forums are of relatively equal convenience, it is the opinion of this court that retaining jurisdiction over this lawsuit would not serve judicial economy. The coverage issues that Montpelier requests this court to decide would be simultaneously litigated by the state and federal courts. The seventh factor may potentially be an issue if the state court were to render a final judgment prior to this court ruling on the matter. The doctrine of *res judicata* would be applied and the federal lawsuit would be dismissed. In light of the foregoing, this court holds that these factors support abstention in this case and the defendant's motion to dismiss is granted. A separate judgement will be entered this day pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 2nd day of August, 2012.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**